IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TOMMY ALEXANDER, SR., <br> (Reg. #07193-035) <br> Plaintiff, <br><br> vs. <br><br> LYNN HUGHES, et al., <br><br> Defendants. | § § § § § § § § § § | CIVIL ACTION H-19-0623 |

## MEMORANDUM AND OPINION

Tommy Alexander, Sr., an inmate of the Federal Correctional Institution in Beaumont, sued in February 2019, alleging civil rights violations resulting from a denial of due process. Alexander, proceeding pro se and in forma pauperis, sues Lynn Hughes, United States District Judge; Thomas Meehan, Jr., Federal Prosecuting Attorney; Jimmy D. Ashley, Private Attorney at Law; Bradley Wilty, informant; Mike Bristol, County Attorney; Kevin Blair, DEA Agent, SD/TX; Becky Burks, Chief Probation Office, SD/TX; Charlie Clements, DEA Agent; Charlie Mathis, DEA Agent; Jim Hook, Houston Chronicle; John Doe, Editor of the Houston Chronicle; John Doe, Owner of the Houston Chronicle; and Fran Faucet, Owner of Fox News.

The threshold issue is whether Alexander's claims should be dismissed as frivolous. The Court concludes that Alexander's claims lack merit and should be dismissed for the reasons stated below.

**I.     Alexander's Allegations**

On July 28, 1993, a federal grand jury in Fort Myers, Florida returned a one-count indictment

charging Alexander and others with conspiracy to possess with intent to distribute a quantity of crack cocaine and cocaine. (Criminal Action Number 2:93-CR-102-FTM-29CM). On March 18, 1994, the United States District Court for the Middle District of Florida, Fort Myers Division sentenced Alexander to a term of imprisonment of 360 months, to be followed by a term of supervised release.

Alexander asserts that Judge Hughes violated Alexander's rights by finding Alexander guilty of a conspiracy of which Alexander is the sole offender. Alexander explains that the other conspirators have been acquitted, thereby making the conspiracy nul and void. Alexander challenges the life sentence that was given to a nonviolent drug offender. Alexander asserts that his sentence was also illegal concerning the issue that Alexander received a four (4) point enhancement for a leadership roll on a one-man conspiracy. Alexander states that he never sold drugs to the informant Bradley Wiltz. Alexander asserts that the defendants are all guilty of tainting the jury, tainting the evidence, and pursuing an illegal sentence for a one-man conspiracy. Alexander asserts that the prosecutor was not properly sworn in to practice and that he falsely claimed that Alexander possessed firearms. Alexander further asserts that the search warrant was void because the abandoned car that was searched did not belong to Alexander and was not on the search warrant.

Alexander seeks compensatory damages of $100,000,000.00.

## II.    Discussion

A federal court has the authority to dismiss an action in which the plaintiff is proceeding in forma pauperis before service if the court determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an

arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

Under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Court must dismiss a complaint brought pursuant to 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.

In this instance, the crux of Alexander's complaint is that he was improperly charged and convicted of a conspiracy. The complaint challenges the sufficiency of the evidence to support the verdict. A ruling granting Alexander the relief which he seeks would necessarily implicate the validity of his conviction in Cause No. 2:93-CR-102-FTM-29CM, and inevitably affect the duration of his confinement.

Under *Heck*, Alexander must demonstrate that his conviction and sentence have been reversed, invalidated, or expunged prior to bringing an action under § 1983. *Heck*, 512 U.S. at 486-87. Alexander cannot make such showing. He has not alleged that his conviction in Cause Number 2:93-CR-102-FTM-29CM has been reversed, invalidated or otherwise expunged. Until Alexander receives a ruling declaring his sentence invalid, no action will accrue under § 1983. *Id.* at 488-89; *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied*, 532 U.S. 971 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery.

3

..."). Alexander's claims challenging his conviction for aggravated robbery are "legally frivolous" within the meaning of sections 1915(e)(2) and 1915A(b). *Hamilton v. Lyons,* 74 F.3d 99, 102-103 (5th Cir. 1996)("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.").

Alexander's claims are dismissed with prejudice to them being reasserted when the *Heck* conditions are met. *See Clarke v. Stalder,* 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

## III. Conclusion

Alexander's motion to proceed in forma pauperis, (Docket Entry No. 4), is GRANTED. The action filed by Tommy Alexander, Sr. (Reg. #07193-035) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

The agency having custody of Alexander must continue to deduct twenty percent of each deposit made to Alexander's inmate trust account and forward payments to the Court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full. The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the Inmate Trust Fund, FCI - Beaumont Medium, Federal Correctional Institution, P.O. Box 26045, Beaumont, TX 77720; and

(2) the Manager of the Three-Strikes List for the Southern District of Texas at:

Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on __**APR 0 3 2019**__.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE